No. 24-40571

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

STATE OF TEXAS, *et al.*,
                  *Plaintiffs-Appellees*,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,
                  *Defendants-Appellees*,

and

OSCAR SILVA PEREZ, *et al.*,
                  *Movants-Appellants*.

## APPELLANTS' MOTION TO EXPEDITE APPEAL

Appellants are eleven individuals and a nonprofit membership organization[1] appealing the denial of their motion to intervene in litigation the State of Texas filed less than two weeks ago challenging a

---

[1] Appellants are Oscar Silva Perez, Natalie Taylor, Salvador Doe, Justin Doe, Carmen M. Miranda Zayas, Ricardo Ocampo Hernandez, Jessika Ocampo Hernandez, Foday Turay, Jaxhiel Turay, Genaro Vicencio Palomino, Cindy Siqueiros Maduena, and the Coalition for Humane Immigrant Rights ("CHIRLA"), on behalf of its 500,000 members.

process created by the federal Department of Homeland Security through which the individual Appellants and members of the organizational Appellant would directly benefit. Under the current *sua sponte* scheduling order, the district court has authorized a short discovery period, including regarding Texas's alleged bases for standing; consolidated the still-pending motion for preliminary relief with summary judgment; and set the case for a hearing on dispositive motions for permanent relief and a bench trial (if the court deems it necessary)—all to be concluded within *two weeks from yesterday*. *See* D. Ct. Dkt. 54, Given the district court's schedule and what is at stake for Appellants, they respectfully request that the Court expedite briefing according to the following schedule:

    Appellants' opening brief:        September 9, 2024

    Appellees' answering brief:      September 12, 2024

    Appellants' reply brief:          September 16, 2024 by noon CT

Appellants further request that the Court schedule oral argument, including via videoconference if necessary, as soon as possible after the close of briefing, to facilitate a decision before the hearing—and possible bench trial—in district court that is set for 9 am on September

18. *See* 5th Cir. R. 47.7 (calendaring priority for "actions for temporary or preliminary injunctive relief" and for "any other action if good cause thereof is shown"). Texas opposes the relief requested and intends to file an opposition. The federal defendants take no position on the motion. Unless expedition is granted, Appellants will functionally be denied their right to appeal the district court's denial of intervention, as the case in district court is now scheduled to close its record and come before the court for a hearing on dispositive motions for permanent relief and possible bench trial on September 18.

1.     In this case, Texas challenges a process first announced in June 2024 through which certain noncitizen spouses and stepchildren of U.S. citizens can apply and be considered on a case-by-case basis for a grant of parole (temporary permission to be in the United States) under 8 U.S.C. § 1182(d)(5).[2] *See* Department of Homeland Security, *Implementation of Keeping Families Together*, 89 Fed. Reg. 67,459 (Aug. 20, 2024). Texas filed suit on Friday, August 23, 2024, and moved for a

---

[2] Although sixteen states are listed as plaintiffs in the Complaint, they have since stipulated that only Texas will seek to prove standing or irreparable injury in this litigation. *See* J. Notice of Stipulation, D. Ct. Dkt. 36.

3

temporary restraining order and/or preliminary injunction that same day. Although the Keeping Families Together process does not regulate states, Texas claims that the downstream effects of giving some of its longtime residents—on average, eligible noncitizen spouses have been in the United States for twenty-three years[3]—parole and employment authorization will somehow injure the State, and irreparably so. On that same day, the federal government appeared and moved to stay briefing on preliminary relief and for limited jurisdictional discovery regarding standing; in the alternative, the federal defendants requested a status conference to discuss scheduling before the court set any briefing schedule on Texas's preliminary injunction request.

The next business day, August 26, Texas notified the district court that its response to the federal defendants' motion would be filed later that day, D. Ct. Dkt. 26, but the district court did not wait, instead issuing *sua sponte* what it called an "administrative stay" enjoining the federal government from granting parole through the Keeping Families

---

[3] *Fact Sheet: DHS Announces New Process to Promote the Unity and Stability of Families*, U.S. Dep. of Homeland Sec. (June 17, 2024), https://www.dhs.gov/news/2024/06/17/fact-sheet-dhs-announces-new-process-promote-unity-and-stability-families.

4

Together process. Order, D. Ct. Dkt. 27. The district court said this "administrative stay" would initially be set at 14 days but could be extended—seemingly indefinitely—for "good cause." *Id.* at 5; *see also id.* at 6 ("The court . . . expects that good cause may exist to extend this administrative stay for additional periods through mid-October . . . . But any such extension will be considered in due course"). In the same order, the district court gave notice that it would consolidate Texas's motion for preliminary relief with summary judgment briefing and, if necessary, a bench trial on the merits; it also set an extremely expedited schedule under which discovery was to be completed by September 16 and the final summary judgment brief was to be due on October 10, 2024. *Id.* at 7-9. The district court stated that oral argument and/or a bench trial would be set "as soon as possible after completion of that briefing." *Id.* at 9.

2. The first business day after Texas filed suit and a few hours before the district court entered its "administrative stay," Appellants—eleven potential beneficiaries of the Keeping Families Together process and CHIRLA, on behalf of its members—moved to intervene in the litigation as defendants to protect their unique interests. D. Ct. Dkt. 15. Following an expedited briefing schedule set by the court—Texas opposed

5

intervention, but the federal defendants took no position on the motion—the district court denied the motion to intervene on September 3, 2024. D. Ct. Dkt. 49. The district court held that Appellants were not entitled to intervene as of right on the ground that their interests are adequately represented by the federal defendants, *id.* at 4, and denied permissive intervention for the same reason, *id.* at 8. Appellants noticed their appeal the same day. D. Ct. Dkt. 50.

    3.    The same day the district court denied the motion to intervene, the federal defendants filed a motion to vacate the administrative stay, pointing out a variety of procedural and substantive errors undergirding it. D. Ct. Dkt. 47. Appellants filed an amicus brief supporting the federal defendants' motion the next day, September 4. D. Ct. Dkt. 52. Several hours after Appellants filed their amicus brief, and again without waiting for Texas's response to the federal defendants' motion, the district court denied the motion to vacate. D. Ct. Dkt. 54. In that order, the district court stated that the "rigor of defendants' recent 60-page filing"—i.e., the motion to vacate—"does convince the court that a hearing on the facts and the law can be scheduled on an even more accelerated schedule than previously anticipated." *Id.* at 6. Accordingly,

it again issued a *sua sponte* scheduling order, this one even more truncated: discovery requests were served on Thursday, August 29, (i.e., a week ago), yet all discovery is to be completed by Wednesday, September 11 (a week from yesterday); omnibus dispositive motions are due two days later (September 13); responses three days after that; and arguments on reply are to be raised orally at the "consolidated hearing on the omnibus motions and, if necessary, bench trial to resolve factual issues [that] is scheduled for September 18, 2024 at 9:00 a.m. in Tyler, Texas." *Id.* at 6-7. Without explanation, the district court also extended its "administrative stay" another fourteen days, enjoining the challenged process at least through September 23, 2024. *Id.* at 6.

4. There is good cause to expedite this appeal. Appellants seek to intervene in litigation directly affecting their lives, livelihoods, and families, and through which Texas has already obtained temporary injunctive relief. *See* 28 U.S.C. § 1657(a) ("[T]he court shall expedite the consideration of . . . any action for temporary or preliminary injunctive relief, or any other action if good cause therefor is shown."); *see also* 5th Cir. R. 27.5 (court may expedite appeal for "good cause"); *id.* 34.5 (same). Good cause is "shown if a right under the Constitution of the United

7

States or a Federal Statute (including rights under [the Administrative Procedure Act]) would be maintained in a factual context that indicates that a request for expedited consideration has merit." 28 U.S.C. § 1657(a). This standard is plainly met here, as the district court recognized. *See* D. Ct. Dkt. 49 at 7 ("[M]ovants have a deeply personal interest in the [Keeping Families Together] implementation. Obtaining parole under the rule would directly affect foreign nationals' ability to work and live with their family in this country.").

What is more, if this appeal is not expedited, then Appellants will be deprived of the opportunity to defend their interests at the district court entirely, given its current scheduling order, and notwithstanding the merits (and narrowness) of their appeal. Indeed, after setting an expedited schedule one business day after Texas filed its complaint, the district court itself has further accelerated proceedings below, with a hearing on dispositive motions for permanent relief and a bench trial (if necessary) now scheduled for September 18, 2024. *See* D. Ct. Dkt. 54 at 6. Swift action by this Court, under these circumstances, is imperative. The current schedule already precludes Appellants from participating in discovery, but if Appellants cannot participate as parties in that

September 18 proceeding, the record in this case could be closed without the opportunity for them to present evidence of their distinct harms, as well as evidence on standing that the federal defendants have not introduced in similar lawsuits brought by Texas.

The schedule requested herein would not prejudice Texas, which has itself sought expedited (and *ex parte*) relief at the district court. Moreover, the proposed schedule is far more extended than briefing on Appellants' motion to intervene at the district court, where Texas had four business days to respond to the motion to intervene and Appellants had zero business days before their reply was due, on Labor Day. The proposed schedule, moreover, is similar to recent expedition orders in other cases. *See, e.g.*, *United States v. Abbott*, No. 23-50632, Dkt. 46 (5th Cir. Sept. 13, 2023) (opening brief due fifteen days after docketing); *State of Missouri v. Biden*, No. 23-30445, Dkt. 37 (5th Cir. July 14, 2023) (opening brief due nineteen days after docketing); *Texas v. Biden*, No. 21-10806, Dkt. 65 (5th Cir. Aug. 23, 2021) (opening brief due four weeks after docketing).

5. Appellants therefore respectfully request that the Court order that briefing proceed under the following schedule:

| | |
|---|---|
| Appellants' opening brief: | September 9, 2024 |
| Appellees' answering brief: | September 12, 2024 |
| Appellants' reply brief: | September 16, 2024 by noon CT |

Appellants further request that if this Court is to hear oral argument on the appeal, it schedule the argument for as soon as possible following the close of briefing, including via videoconference, to allow for a decision no later than September 17 so that Appellants have an opportunity to participate in the hearing on dispositive motions for permanent relief and possible bench trial set for September 18.

6. Undersigned counsel contacted counsel for Texas and for the federal defendants prior to filing this motion. Texas opposes the relief requested and intends to file an opposition, while the federal defendants take no position on this motion.

Dated: September 5, 2024  Respectfully submitted,

*/s/ Esther H. Sung*
Esther H. Sung
Karen C. Tumlin
Hillary Li*
Laura Flores-Perilla
Brandon Galli-Graves
Vanessa Rivas-Bernardy
JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
Facsimile: (323) 450-7276


Paige Austin
Harold A. Solis*
MAKE THE ROAD NEW YORK
301 Grove Street
Brooklyn, NY 11237
Telephone: (718) 418-7690
Facsimile: (866) 420-9169

**application for admission forthcoming*

*Counsel for Movants-Appellants*

11

# CERTIFICATE OF SERVICE

    I, Esther H. Sung, hereby certify that on September 5, 2024, I caused the foregoing Motion to Expedite of to be electronically filed with the clerk of the Court for the U.S. Court of Appeals for the fifth Circuit via the CM/ECF system, which will send a notice of this filing to counsel for Plaintiffs-Appellees and Defendants-Appellees.

                                        */s/ Esther H. Sung*
                                        Esther H. Sung
                                        Justice Action Center
                                        P.O. Box 27280
                                        Los Angeles, CA 90027
                                        Telephone: (323) 450-7272

                                        *Counsel for Movants-Appellants*

# CERTIFICATE OF COMPLIANCE
# WITH LENGTH LIMITATION, TYPEFACE REQUIREMENTS,
# AND TYPE STYLE REQUIREMENTS

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify the following:

1. The foregoing brief complies with the length limitations of Rule 27(d)(2)(A). The brief contains 1,861 words according to the Microsoft Word word-counting function, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2. The foregoing brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). The brief has been prepared in a proportionately spaced typeface using Microsoft Word in 14-point Times Century Schoolbook type style.

Dated: September 5, 2024

*/s/ Esther H. Sung*
Esther H. Sung
Justice Action Center
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272

*Counsel for Movants-Appellants*